UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC - 7 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| THEODORE THOMAS<br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br>TRANSUNION, LLC,<br>EXPERIAN INFORMATION SOLUTIONS INC,<br>CAPITAL ONE AUTO FINANCE<br>SYNCHRONY BANK, NA<br>FIRST PROGRESS<br>THE BEST SERVICE COMPANY<br>USCB AMERICA<br>Defendants. | )<br>)<br>)<br>)  Case Number 1:22-CV-4848<br>)<br>)<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. This is a civil action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.§1692 et. Seq. and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.§1681 et. Seq. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 15 U.S.C. § 1692k(d).

2. Plaintiff Theodore Thomas ("Plaintiff") is a consumer and natural person residing in the State of Georgia.

3. Defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia Corporation registered to do business in the State of Georgia.

4. Defendant Transunion, LLC ("Transunion") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion is a Delaware Corporation registered to do business in the State of Georgia.

1

5. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio Corporation registered to do business in the State of Georgia.

6. Defendant Capital One Auto Finance ("Capital One") is a "user of consumer reports" and "furnisher of information to consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681s-2.

7. Defendant Synchrony Bank, NA ("Synchrony") is a "user of consumer reports" and "furnisher of information to consumer reporting agencies" as those terms are defined by the U.S.C. §1681s-2.

8. Defendant First Progress ("First Progress") is a "user of consumer reports" and "furnisher of information to consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681s-2.

9. Defendant The Best Service Company ("Best") is a Debt Collector according to 15 U.S.C. §1692a(6).

10. Defendant Best is a "user of consumer reports" and "furnisher of information to consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681s-2.

11. Defendant USCB America ("USCB") is a Debt Collector according to 15 U.S.C. §1692a(6).

12. Defendant USCB is a "user of consumer reports" and "furnisher of information to consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681s-2.

13. On or about October 3, 2022, Plaintiff disputed Capital One Auto Finance Account March 2021 reported the account as a repossession but shows April 2021 to January 2022 as paid on time however the account status is reported as a repossession.

Capital One Auto Finance failed to change the incorrect information reported to the Credit Reporting Agencies. On or about November 14, 2022, Plaintiff again disputed the account as a repossession and reported incorrect payment history. After Plaintiff disputed the inaccurate account reporting, Capital One had an obligation to modify or delete the inaccurate reporting. The incorrect furnishing of the account information to the Credit Reporting Agencies was willful and showed reckless disregard. Defendant Capital One failed to satisfy its duty under FCRA, 15 USC 1681s-2(b) of updating incomplete or inaccurate information it previously reported to Credit Reporting Agencies upon receipt of a notice from the Credit Reporting Agencies that a consumer disputed the accuracy of the previously reported information.

14. On or about October 3, 2022, Plaintiff disputed that Defendant Synchrony falsely reported the June 2021 payment history as data unavailable and falsely reported May 2021 as a charge off. On or about November 14, 2022, Plaintiff again disputed the falsely reported payment history and Synchrony failed to update the inaccurate information it furnished to the Credit Reporting Agencies. The incorrect furnishing of the account information to the Credit Reporting Agencies was willful and showed reckless disregard. Defendant Synchrony failed to satisfy its duty under FCRA, 15 USC 1681s-2(b) of updating incomplete or inaccurate information it previously reported to Credit Reporting Agencies upon receipt of a notice from the Credit Reporting Agencies that a consumer disputed the accuracy of the previously reported information.

15. On or about October 3, 2022, Plaintiff disputed inaccurate information First Progress reported to the Credit Reporting Agencies. The payment history for

3

November 2020 and December 2020 were both inaccurately reported as 120 days late. On or about November 14, 2022, again disputed the inaccurate payment history reported and First Progress failed to update the inaccurate information reported. The incorrect furnishing of the account information to the Credit Reporting Agencies was willful and showed reckless disregard. Defendant First Progress failed to satisfy its duty under FCRA, 15 USC 1681s-2(b) of updating incomplete or inaccurate information it previously reported to Credit Reporting Agencies upon receipt of a notice from the Credit Reporting Agencies that a consumer disputed the accuracy of the previously reported information.

16. On or about October 3, 2022, Plaintiff requested debt validation for Best account 116833XX. Defendant Best failed to validate the debt. Defendant Best failed to mark the account disputed and failed to remove the account from Plaintiff's credit reports during the validation period. Best has used deceptive practices to convince Plaintiff to pay the debt. Best violated 15 U.S.C 1692g by failing to validate the debt allegedly owed by Plaintiff.

17. On or about October 3, 2022, Plaintiff requested debt validation for USCB accounts 289435XX and 287044XX. Defendant USCB failed to validate the debts. Defendant USCB failed to mark the accounts disputed and failed to remove the accounts from Plaintiff's credit reports during the validation period. USCB has used deceptive practices to convince Plaintiff to pay the debt. USCB violated 15 U.S.C 1692g by failing to validate the debt allegedly owed by Plaintiff.

18. Plaintiff disputed the accuracy of the reporting of the Capital One, Synchrony, First Progress, Best and USCB accounts reported by Equifax, Transunion and Experian ("Bureaus"). The Bureaus did not satisfy their duties, failing to follow reasonable

procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b).

19. Plaintiff repeatedly asked for a reinvestigation and copies of the Automated Credit Dispute Verification ("ACDVs") in his credit files. Equifax did not satisfy their duties, failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i. Equifax also did not satisfy their duties, failing to provide Plaintiff their credit file pursuant to 15 U.S.C. §1681g.

20. Plaintiff repeatedly asked for a reinvestigation and copies of the ACDVs in his credit files. Transunion did not satisfy their duties, failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i. Transunion also did not satisfy their duties, failing to provide Plaintiff their credit file pursuant to U.S.C. §1681g.

21. Plaintiff repeatedly asked for a reinvestigation and copies of the ACDVs in his credit files. Experian did not satisfy their duties, failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i. Experian also did not satisfy their duties, failing to provide Plaintiff their credit file pursuant to 15 U.S.C. §1681g.

22. Defendants Capital One, Synchrony, First Progress, Best and USCB violations of the Fair Credit Reporting Act has harmed the Plaintiff by, inter alia damaging his credit rating and reputation.

23. Defendants Capital One, Synchrony, First Progress, Best and USCB violations of the Fair Credit Reporting Act were intentional or reckless.

24. For such violations, the Defendants are liable to the Plaintiff for actual damages, costs, and attorney's fees, pursuant to 15 U.S.C. §1681o.

25. For their willful violations of the Fair Credit Reporting Act, the Defendants are liable to

the Plaintiff for actual damages, statutory damages of up to $1,000, punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1681n.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF FCRA – 15 U.S.C. §1681

26. Defendants Equifax, Transunion and Experian negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

    a. failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b);

    b. failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i;

    c. failing to provide Plaintiff their credit file pursuant to 15 U.S.C. §1681g

27. As a result of Defendants violations of the FCRA, Plaintiff suffered, continues to suffer and will suffer future damages, worry, mental anguish, distress and frustration, all to him damages, in an amount to be determined by the jury.

28. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF FCRA – 15 U.S.C. §1681

29. Defendants Capital One, Synchrony, First Progress, Best and USCB willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to:

    a. failing to comply with reporting correct information after notice and confirmation of errors, as required by 15 U.S.C. §1681s-2(b).

30. As a result of Defendants' violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages, worry, mental anguish, distress and frustration to him damages, in an amount to be determined by the jury.

    a. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

    b. Plaintiff is entitled to actual damages in an amount to be determined by the jury in additional to any statutory damages in an amount to be determined by the Court.

    c. Plaintiff is entitled to legal fees including court costs, pursuant to 15 U.S.C. §1681o.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF FDCPA–15 U.S.C.§1692

31. Defendants Best and USCB willfully failed to comply with the requirements imposed under the FDCPA, 15 U.S.C. §1692 et seq., including but not limited to:
    a. Frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which noncompliance was intentional in 15 U.S.C. §1692k(b)(1)i;
32. As a result of Defendants' violations of the FDCPA, Plaintiff has suffered, continues to suffer, and will suffer future damages, worry, mental anguish, distress and frustration to him damages, in an amount to be determined by the jury.
33. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.
34. Plaintiff is entitled to actual damages in an amount to be determined by the jury in additional to any statutory damages in an amount to be determined by the Court.
35. Plaintiff is entitled to legal fees including court costs, pursuant to 15 U.S.C. §1692k(a)(3).

## PRAYER FOR RELIEF

Plaintiff demands a jury trial on all claims. Wherefore Plaintiff, prays for judgment as following:

1. On Plaintiff's First Claim for Relief:
    a. Actual Damages in an amount to be determined by the jury;
    b. Punitive damages in an amount to be determined by the jury; and
    c. Statutory damages including attorney fees as determined by the court; and
    d. Court Costs.

2. On Plaintiff's Second Claim for Relief:
    a. Actual Damages in an amount to be determined by the jury;
    b. Punitive damages in an amount to be determined by the jury; and
    c. Statutory damages including attorney fees as determined by the court; and
    d. Court Costs.

3. On Plaintiff's Third Claim for Relief:
    a. Actual Damages in an amount to be determined by the jury;
    b. Punitive damages in an amount to be determined by the jury; and
    c. Statutory damages including attorney fees as determined by the court; and
    d. Court Costs.

Respectfully Submitted,

Theodore Thomas
Pro-Se
8630 Thomas Road
Riverdale, GA 30274
maddscientist275@gmail.com



CLEARED DATE
U.S. Marshals Service
Atlanta GA 30303
07 2022



$1.92 US POSTAGE
4 OZ FIRST-CLASS MAIL FLATS RATE
RETAIL

062S0001443244
10881457
FROM 30274

stamps endicia
12/05/2022

**USPS FIRST CLASS MAIL®**

Theodore Thomas                    0028
8630 Thomas Rd
Riverdale GA 30274-5193

SHIP TO:  RICHARD RUSSELL BUILDING 2211
          US COURTHOUSE
          75 Ted Turner Dr Sw
          ATLANTA GA 30303-3315